**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1333

RAMONITA MEDINA-PEREZ,

Plaintiff, Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,
Circuit Judges.

---

Melba N. Rivera-Camacho on brief for appellant.
H.S. Garcia, United States Attorney, Lisa E. Bhatia, Assistant
U.S. Attorney, and Nancy B. Salafia, Assistant Regional Counsel,
Social Security Administration, on brief for appellee.

---

October 29, 2004

---

**Per Curiam**.  Claimant Ramonita Medina-Perez has appealed a district court judgment affirming the decision of the Commissioner of Social Security which denied her application for disability insurance benefits.  We affirm.

Claimant first argues that the Administrative Law Judge ("ALJ") failed to properly assess her credibility and did not sufficiently support his finding that the claimant's subjective complaints of pain were "not totally credible."  One of the reasons the ALJ partially discounted the claimant's testimony was because "the claimant's description of her limitations impresses as inconsistent with the record when considered in its entirety."  We have examined the record and find substantial evidence to support the ALJ's finding of discrepancies between the claimant's testimony and the objective medical evidence.  These discrepancies amply support the ALJ's conclusion that the claimant was not totally credible in respect to her subjective complaints of pain.

Claimant next argues that the ALJ did not properly consider the medical evidence and substituted his opinion for those of the physicians on record.  We find claimant's argument without merit.

Finally, claimant argues that the ALJ did not account for the non-exertional limitations caused by her herniated discs, carpal tunnel syndrome, and mental disorder.  The ALJ, however, did take her non-exertional limitations into account in finding that

she was limited to a "narrow range" of light work.  Moreover, these findings have substantial support in the record.

The judgment of the district court is <u>affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).